The document below is hereby signed.

Signed: February 22, 2020



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LATONIA TERESA LONG, | ) | Case No. 19-00778 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE MOTION TO DISPUTE DISCHARGE

Siah Johnson, a creditor of the debtor, has filed a motion (Dkt. No. 13) objecting to the debtor's discharge. Johnson's motion, filed as a Praecipe, states:

> I motion to dispute the discharge of my individual debt based on fraud under 11 USC 727(a)(8). Mrs. Long has multiple jobs and spousal support.

The motion can be read as seeking a denial of discharge based on fraud because the debtor holds multiple jobs and receives spousal support. (The debtor's schedules (part of Dkt. No. 1) list only one job and no spousal support as sources of income.)

The motion cites § 727(a)(8), but reliance on that section

is misplaced.[1]  Section 727(a)(8) provides for a denial of discharge when a debtor received a discharge in a prior case commenced within the last eight years, and Fed. R. Bankr. P. 4004(a) permits an objection to discharge under § 727(a)(8) to be pursued by filing a motion.  Section 727(a)(8) does not apply here.  Nevertheless, the motion can be read as giving notice that a denial of discharge is sought based on fraud relating to the debtor's having multiple jobs and spousal support.

As provided by Fed. R. Bankr. P. 7001(4), an objection to discharge (other than one under § 727(a)(8) or under other provisions of no relevance here) is an adversary proceeding. Under Fed. R. Bankr. P. 7003, an adversary proceeding is

---

[1] Perhaps Johnson misunderstood the *Notice of Chapter 7 Bankruptcy Case* (Dkt. No. 8), which indicated:

You must file a motion:

- if you assert that the discharge should be denied under § 727(a)(8) or (9).

Johnson appears to have disregarded the prior portion of the *Notice* that indicated:

You must file a complaint:

- if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or

- if you want to have a debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6).

2

commenced by filing a complaint.  The appropriate course is to have the Clerk docket the motion as a complaint commencing an adversary proceeding objecting to the debtor's receiving a discharge.  *See In re Carter*, 516 B.R. 638, 644-45 (Bankr. D.N.M. 2014).

The motion does not bear an appropriate adversary proceeding caption and does not fully comply with other rules governing adversary proceedings.  Unless amended to comply with the applicable rules, the motion may not survive a motion to dismiss under, for example, Fed. R. Civ. P. 9(b) and 12(b)(6).  However, Johnson should be given the opportunity to pursue her objection to discharge in a procedurally correct fashion.  In light of Johnson's apparent misunderstanding in filing the motion, and the complexity of Part VII of the Federal Rules of Bankruptcy Procedure, the court encourages Johnson to retain counsel rather than attempt to proceed further without counsel.  Upon the motion being docketed as commencing an adversary proceeding, Johnson may amend the motion as allowed by Fed. R. Civ. P. 15 to attempt to present a procedurally correct complaint.

Once the motion is docketed as a complaint commencing an adversary proceeding on February 18, 2020, a separate order will issue in that adversary proceeding, alerting Johnson to the Adversary Proceeding Number, and directing Johnson to pay the $350 adversary proceeding filing fee or to show that she is

eligible for a waiver of the filing fee under 28 U.S.C. § 1915(a). If, within fourteen days of the date that such order is entered, Johnson has failed to pay the $350 filing fee for commencing an adversary proceeding and has failed to show that she is eligible for a waiver of the fee, the court may dismiss the adversary proceeding.

It is

ORDERED that the Clerk shall docket Johnson's motion (Dkt. No. 13) as a complaint filed on February 18, 2020, initiating an adversary proceeding objecting to the debtor's receiving a discharge, and shall alert the judge's law clerks as to the Adversary Proceeding Number assigned to the matter.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee;

Siah Johnson
P.O. Box 76826
Washington, DC 20013